UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-cv-23097-ALTMAN

VIRGIL BERNARD FRENCH,

    *Plaintiff*,

*v.*

MIAMI-DADE COUNTY and ROMEL
RUSSELL,

    *Defendants.*

_____/

**ORDER**

On May 1, 2026, our Plaintiff sued the Defendants, alleging excessive-force, deliberate-indifference, battery, false-imprisonment, and Fourth Amendment claims. *See generally* Complaint [ECF No. 1]. The Plaintiff hasn't yet filed proof of service of process. *See generally* Docket. But, on May 12, 2026, the Plaintiff filed an Emergency Motion (the "Motion") [ECF No. 6], seeking a temporary restraining order ("TRO") that would (among other things) "immediately prohibit[ ] Defendants . . . from conducting any surveillance, monitoring, or physical following of [the Plaintiff] or any member of his household" and "prohibit[ ] any direct or indirect interference with [his] ability to obtain safe housing." Mot. at 12. According to the Motion, the Plaintiff suffered a "severe psychological breakdown caused by the [Defendants'] sustained surveillance and intimidation," is currently "hospitalized," and is "unable to return to his home or secure alternative shelter." *Id.* at 1. After careful review, we **STRIKE** the Motion.

Our Local Rules require specific certification for emergency motions. *See* L. R. 7.1(d)(1) ("The filer must . . . includ[e] the following certification before the motion's signature block: After reviewing the facts and researching applicable legal principles, I certify that this motion in fact presents a true

emergency (as opposed to a matter that may need only expedited treatment) and requires an immediate ruling because the Court would not be able to provide meaningful relief to a critical, non-routine issue after the expiration of seven days. I understand that an unwarranted certification may lead to sanctions."). The Motion ignores that requirement. To be sure, it opens by noting that, "[p]ursuant to Southern District of Florida Local Rule 7.1(d)(1), Plaintiff certifies that this is a genuine emergency." Mot. at 1; *see also id.* at 2 ("Counsel certifies that this motion is filed in good faith and that the emergency is not the product of lack of diligence on the part of Plaintiff or his counsel."). Shorthand references to Local Rule 7.1(d)(1), however, cannot supersede actual compliance with our procedural requirements.

That's not all. The Motion "further requests that this Court dispense with or shorten the notice requirement under Federal Rule of Civil Procedure 65(b)(1), or in the alternative require Defendants to respond on the shortest notice the Court deems practicable." *Id.* at 12–13. But courts can issue a TRO "without written or oral notice . . . *only if* . . . specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury . . . will result to the movant before the adverse party can be heard in opposition[.]" FED. R. CIV. P. 65(b)(1) (emphasis added). Those requirements remain unsatisfied here. The Motion isn't verified. The exhibit appended to the Motion is a declaration, not a notarized affidavit. *See* Simon Declaration [ECF No. 6-1]. And, in any event, neither the Motion nor the declaration *clearly* shows that the Plaintiff will suffer immediate and irreparable injury if the relief is not granted. The declaration describes observing a "white unmarked vehicle" and being "[u]nable to secure a [hotel] room," *id.* at 1, 3, but fails to substantiate the theory that the Defendants are engaged in a "coordinated surveillance" effort and "interfer[ing]" with the Plaintiff's ability to find "housing," Mot. at 12.

"Procedural requirements . . . are not to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984). Because we cannot

overlook the Plaintiff's failure to comply with our Local Rules and the Federal Rules of Civil Procedure, we **STRIKE** the Emergency Motion [ECF No. 6].

      **DONE AND ORDERED** in the Southern District of Florida on May 12, 2026.

_____

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record