**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-23097-ALTMAN**

**VIRGIL BERNARD FRENCH**,

*Plaintiff*,

*v.*

**MIAMI-DADE COUNTY**,

*Defendant*.
________________________________________/

**ORDER**

Our Plaintiff's Complaint [ECF No. 1] asserts five counts—including two state-law claims—against Miami-Dade County. *See id.* ¶¶ 39–75. In turn, the Defendant has filed two motions: *one*, a Motion to Dismiss (the "MTD") [ECF No. 24], arguing (in part) that sovereign immunity shields it from the state-law claims (*i.e.*, Counts IV and V); and *two*, a Motion to Stay Pending Ruling on the Immunity Arguments (the "Motion to Stay") [ECF No. 32], arguing that "it is entitled to a stay of litigation until the immunity question is decided," Motion to Stay at 1.

"The defense of sovereign or qualified immunity protects government officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery." *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004). And since "immunity is a right not to be subjected to litigation beyond the point at which immunity is asserted," we'll stay this case—in its *entirety*—until the threshold questions of immunity are resolved. *Howe v. City of Enter.*, 861 F.3d 1300, 1302 (11th Cir. 2017). Accordingly, we'll **GRANT** the Motion to Stay [ECF No. 32] and **STAY** and **CLOSE** the case until we've adjudicated the MTD. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

**DONE AND ORDERED** in the Southern District of Florida on September 25, 2026.

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record